UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARBARA SPERANZA, *Personal Representative and Executrix of the Estate of Robert Speranza*, and BARBARA SPERANZA, *Individually*,     PLAINTIFFS, <br><br> v. <br><br> STEWART LEONARD, SR., THOMAS P. LEONARD, and CARPE DIEM THREE, LLC,     DEFENDANTS. | CIVIL ACTION NO. 3:12-CV-00403 (VLB) <br><br><br><br><br><br><br><br> FEBRUARY 16, 2013 |

**ORDER ON PLAINTIFFS' MOTION TO REMAND [Dkt. #12], DEFENDANT'S PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY [Dkt. #13], AND DEFENDANT'S MOTION FOR SECURITY FOR COSTS [Dkt. #15]**

I.      Introduction

On March 7, 2012, Barbara Speranza ("Speranza") brought this action in Connecticut Superior Court seeking recompense for the death of her husband, Robert Speranza, allegedly caused by the negligence of the defendants. On March 16, 2012 the defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), asserting that the district courts have original jurisdiction over the matter. Speranza now moves to remand this action to state court, and Defendant Carpe Diem Three, LLC ("Carpe Diem") has moved for Exoneration from or Limitation of Liability. For the reasons that follow, Plaintiffs' Motion to Remand is GRANTED; Defendant's Petition for Exoneration

1

from or Limitation of Liability and Defendant's Motion for Security for Costs are DENIED AS MOOT.

## II.   Factual Background

Speranza is a citizen of the State of Florida.  Defendant Stewart "Stew" Leonard, Sr. is a citizen of the State of Connecticut and Defendant Thomas P. Leonard is a citizen of the state of Virginia. [Dkt. 1-1, State Court Summons]. Defendant Carpe Diem Three, LLC is a Delaware limited liability company.  [*Id.*].

On August 16, 2011, Robert Speranza was a passenger on board the Defendants' 70 foot power boat more than three miles off the Caribbean island of Tortola when the craft encountered rough seas, causing Robert Speranza to be violently thrown about inside the craft and ultimately ejected into the sea where he was killed.   Plaintiff alleges wrongful death pursuant to Conn. Gen. Stat. § 52-555, and/or Florida Stat. Ann. § 768.18, et seq., and/or maritime wrongful death law; negligence; unseaworthiness; and loss of consortium.

The Defendants removed this action on three bases.  [Dkt. 1, Notice of Removal ¶¶ 4, 7, 10].   First, Defendants assert that the Death on the High Seas Act ("DOHSA"), codified at 46 U.S.C. § 30301 *et seq.* preempts the Plaintiffs' state law claims.  *Id.*  Second, they assert that even if the DOHSA is not applicable to this case, federal courts have original jurisdiction over any civil case sounding in admiralty or maritime law pursuant to 28 U.S.C. § 133.  *Id.*  Third, they assert that jurisdiction is proper based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  *Id.*  Plaintiffs urge this Court to remand the action to superior court first,

2

because admiralty claims are separate and distinct from federal questions and thus do not provide federal question jurisdiction; second, because the DOHSA does not provide proper grounds for removal;[1] and third because removal is improper under 28 U.S.C. § 1441(b)(2) based on diversity of citizenship. [*See* Dkt. 12, Ps' Motion to Remand; Dkt. 18, Ps' Reply Brief in Support of Motion to Remand].

On April 13, 2012, after this case was removed to federal court and after Plaintiffs filed the Motion to Remand, Defendant Carpe Diem filed on this docket a Petition for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501, *et seq.*, and the Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. [Dkt. 13, D's Petition].

III.   Analysis

Federal courts are courts of limited jurisdiction. U.S. CONST. art. III, § 2. *See also Deutsche Bank Nat. Trust Co. v. Doe*, 3:10-CV-1490 CSH, 2010 WL 4683923, at *4 (D. Conn. Nov. 4, 2010). A defendant or defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C.A. § 1441(a). District courts of the United States have original jurisdiction over (1) all civil actions arising under the Constitution, laws, or treaties of the United States, and (2) all civil actions where

---

[1]   Plaintiffs do not concede the application of the DOHSA to this case and further note that no federal question has been pleaded on the face of the complaint. [Dkt. 12, Ps' Motion to Remand].

3

there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000.  28 U.S.C.A. § 1331; 28 U.S.C.A. § 1332(a); *see also Deutsche Bank*, 2010 WL 4683923, at *4 (discussing requisites for removal); *Allen v. Ruby Tuesday, Inc.*, 3:06CV149 PCD, 2006 WL 2790431 (D. Conn. Sept. 26, 2006) (denying motion to remand where amount in controversy exceeded $75,000); *Malanca v. Worth*, 3:11CV0056 SRU WIG, 2011 WL 941381 (D. Conn. Feb. 8, 2011) *report and recommendation adopted*, 3:11CV0056 SRU, 2011 WL 941371 (D. Conn. Mar. 16, 2011) (for original jurisdiction based on diversity of citizenship, "there must be complete diversity of citizenship between the plaintiff and the [each] defendant . . . and the amount in controversy must exceed $75,000").

"[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Purdue Pharma L.P. v. Kentucky*, 11-4087-MV, 2013 WL 85918, --- F.3d --- (2d Cir. Jan. 9, 2013) (internal quotation marks and citations omitted).  "Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (additionally, "the party asserting jurisdiction bears the burden of proving that the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded." 28 U.S.C.A. § 1447(c).  *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Malanca*, 2011 WL 941381, at *2 ("once the Court determines that it does not have subject matter jurisdiction, a remand is mandatory" under 28 U.S.C.A. § 1447(c)).

    a. <u>Admiralty Law and the Death on the High Seas Act</u>

Defendants argue that removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) both because the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30301 *et seq.* preempts the Plaintiffs' state law claims and because the Plaintiffs' claims sound in admiralty, thus providing the district court with federal question jurisdiction and making removal proper.  Removal, however, is improper based on either the Plaintiffs' claims in admiralty or on any DOHSA claim arising from the facts of this case.

District courts have original jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C.A. § 1333(1).  The savings clause of this provision, though, prevents a defendant from removing a maritime action seeking a state law remedy even if the plaintiff could have brought the action in federal court under admiralty jurisdiction. *See Port Auth. of NY & NJ v. Am. Stevedoring, Inc.*, 10-CV-99 JG, 2010 WL 979733 (E.D.N.Y. Mar. 16, 2010) ("a defendant may not remove a maritime action seeking a state law remedy even if the plaintiff could have brought the action in federal court on the basis of admiralty jurisdiction").

*See also Oklahoma ex rel. Edmondson v. Magnolia Marine Transp. Co.*, 359 F.3d 1237, 1241 (10th Cir. 2004) ("[c]ourts have consistently interpreted the 'savings clause' to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is no independent basis for removal" such as the presence of a federal question or diversity of citizenship.") (quoting *In re Chimenti*, 79 F.3d 534, 537 (6th Cir.1996)).  Further, the Supreme Court has held that claims in admiralty are separate and distinct from federal questions encompassed in 28 U.S.C. § 1331, and thus do not fall under the ambit of federal question jurisdiction.  *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 378 (1959) ("When we apply to the statute [28 U.S.C. § 1331], and to the clause of Article III from which it is derived, commonsensical and lawyer-like modes of construction, and the evidence of history and logic, it becomes clear that the words of that statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction.").

Here, Speranza asserts four state law claims.  She asserts a claim of wrongful death pursuant to Connecticut, Florida, and/or maritime wrongful death law; state common law negligence; unseaworthiness; and a state common law claim for loss of consortium.  To the extent that Speranza seeks remedies pursuant to admiralty law, such claims – although they could have been brought in district court pursuant to the district courts' admiralty jurisdiction – were properly brought in state court based on the concurrent jurisdiction of the state courts over admiralty claims.  The Plaintiffs' admiralty claims, then, are not removable to this Court under 28 U.S.C. § 1441(a) on the basis of federal question

6

jurisdiction.  *See Romero*, 358 U.S. at 372 ("By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters – a jurisdiction which it was the unquestioned aim of the saving clause of 1789 [28 U.S.C.A. § 1333(1)] to preserve."); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) ("The practical effect of these provisions is to prevent the removal of admiralty claims pursuant to § 1441(a) unless there is complete diversity of citizenship (predicated upon out-of-state defendants).").

Removal based on the Death on the High Seas Act is also improper.  The DOHSA provides the exclusive remedy for wrongful death on the high seas.  *See Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 232 (1986) ("the conclusion that the state statutes are pre-empted by DOHSA where it applies is inevitable."); *Pierpoint v. Barnes*, 892 F. Supp. 60, 61 (D. Conn. 1995), *appeal dismissed*, 94 F.3d 813 (2d Cir. 1996), *cert. denied*, 520 U.S. 1209 (1997).  State courts, though, have concurrent jurisdiction over DOHSA cases.  *Offshore Logistics,* 477 U.S. at 232 ("The recognition of concurrent state jurisdiction to hear DOHSA actions makes available to DOHSA beneficiaries a convenient forum for the decision of their wrongful death claims.  Because the resolution of DOHSA claims does not normally require the expertise that admiralty courts bring to bear, DOHSA actions are clearly within the competence of state courts to adjudicate."); *Pierpoint*, 892 F. Supp. at 61.  Even assuming that this case meets the requirements for the DOHSA to apply, DOHSA cases arise in admiralty and thus do not provide federal

question jurisdiction such that removal is proper.[2]  *See Pierpoint*, 892 F. Supp. at 61 ("Cases which lack diversity of parties and which arise under admiralty laws are not removable from a state court exercising its concurrent jurisdiction over admiralty claims. . . . [C]oncurrent state jurisdiction over admiralty cases contradicts removability. . . . DOHSA cases arise exclusively in admiralty.  Since DOHSA merely authorizes an admiralty action, a party proceeding under DOHSA must allege a theory of recovery cognizable by a court sitting in admiralty jurisdiction.  Moreover, no federal court has held that DOHSA or other admiralty laws generate both federal question jurisdiction and admiralty jurisdiction."); *Trinh v. Yamaha Boat Co.*, 122 F. Supp. 2d 1364, 1365 (S.D. Ga. 2000) ("A DOHSA claim is an admiralty claim, not a federal question, and therefore does not 'arise under' laws of the United States for purposes of § 1441(b)" such that removal is proper); *Argandona v. Lloyd's Registry of Shipping*, 804 F. Supp. 326, 328 (S.D. Fla. 1992) ("history, precedent and the statute's language indicate that DOHSA claims invoke admiralty jurisdiction rather than federal question jurisdiction" and thus may not form the basis for removal under § 1441(b)); *Robles v. Ambient Pressure Diving Ltd.*, CV 10-4294, 2010 WL 2889555 (C.D. Cal. July 20, 2010) ("The overwhelming weight of authority lends support to the conclusion that [DOHSA]

---

[2]  The Court notes that the DOHSA expressly states that cases arising under it are admiralty in nature:
> When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action *in admiralty* against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative.

46 U.S.C.A. § 30302 (emphasis added).  *See also Trinh v. Yamaha Boat Co.*, 122 F. Supp. 2d 1364, 1365 (S.D. Ga. 2000) (noting same).

8

claims originally filed in state court are not removable"); *Baker v. Bell Helicopter/Textron, Inc.*, 907 F. Supp. 1007, 1010 (N.D. Tex. 1995) ("A DOHSA claim is within the admiralty jurisdiction of federal courts and does not fall within the federal question jurisdiction" and is thus not removable); *DeBello v. Brown & Root Inc.*, 809 F. Supp. 482, 486 (E.D. Tex. 1992) ("cases in admiralty [including those under the DOHSA] do not fall under this court's federal question jurisdiction, and, therefore, may be removed under 28 U.S.C. § 1441(b) only if there is complete diversity of citizenship and the removal is undertaken by non-forum defendants"); *Saunee v. Harry's Dive Shop*, CIV. A. 92-2013, 1992 WL 370095, at *2 (E.D. La. Nov. 30, 1992) ("DOHSA actions cannot be removed to federal court. DOHSA claims are admiralty in nature, 46 U.S.C. § 761, and admiralty claims are separate and distinct from federal questions"); *Matter of Waterman S.S. Corp.*, CIV. A. 91-1491, 1992 WL 124819, at *2 (E.D. La. June 4, 1992) ("Because the claims under DOHSA are derived from general maritime law and because a traditional maritime claim is not one "arising under" the Constitution, laws, or treaties of the United States,24 there is no basis for the removal of DOHSA claims.").

In sum, this action is not removable based on either admiralty law or the DOHSA.  Thus, because this Court does not have jurisdiction to hear the claims in this action, the action must be remanded unless jurisdiction is conferred by virtue of diversity of citizenship.

   b. <u>Diversity of Citizenship</u>

Removal of this case based on diversity of citizenship is likewise barred. 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The Defendant Stewart Leonard, Sr. is a resident of Connecticut, the state in which this action was brought. Thus, removal to this Court based on diversity of citizenship is improper. *See, e.g., Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011) ("Complete diversity of citizenship of the parties is required, since an 'action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988) (holding that civil action was not removable where defendant was citizen of state in which action was brought: "Title 28 U.S.C. § 1441 provides for removal in civil actions involving original jurisdiction founded on a diversity action "if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."); *Value Health Care Svcs., LLC v. PARCC Health Care, Inc.*, 3:11-CV-523 JCH, 2011 WL 2417106 (D. Conn. June 13, 2011) ("Because at least one of the defendants is a citizen of the state in which the action was brought, the forum defendant rule articulated in section 1441(b) bars the defendants from removing this case to Federal District Court.").

Therefore, this Court lacks jurisdiction to hear the claims in this action based on diversity of citizenship. Because this action is not removable based on the federal question and admiralty jurisdiction articulated by Defendants, and because it is not removable, this Court lacked jurisdiction *ab initio*.

    c.  <u>Petition for Exoneration From or Limitation of Liability</u>

After improperly removing this action to district court and after Plaintiffs filed their Motion to Remand, Defendant/Petitioner Carpe Diem filed in this action a Petition for Exoneration from or Limitation of Liability pursuant to the Limitation of Liability Act, 46 U.S.C.A. § 30501, *et seq.* (the "Limitation Act"), and pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. [Dkt. 13, D's Petition]. Because this action was improperly removed from state court, however, this Court never had jurisdiction to hear the action. Consequently, this Court lacks jurisdiction to consider the Defendant's Petition and it must be DENIED as moot, as must Defendant's Motion for Security for Costs. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); 28 U.S.C.A. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) ("Because a holding that the district court lacked removal jurisdiction would end our inquiry, we first address the district court's denial of [plaintiff's] motion to remand the case to state court for lack of jurisdiction."); *Gibraltar Trading Corp. v. PMC Specialties Group, Inc.*, 851 F. Supp. 2d 437, 441

11

(E.D.N.Y. 2011) (declining to adjudicate motion to transfer where court lacked subject matter jurisdiction over action and case was to be remanded; "[i]f the Court does not have jurisdiction, it does not have power to decide the defendant['s] motions."); *Schultz v. Tribune ND, Inc.*, 754 F. Supp. 2d 550, 555 (E.D.N.Y. 2010) (ruling on Motion to Remand first, because "[i]f the Court does not have jurisdiction, it does not have the power to decide defendant's motion [to dismiss]"); *Leeds, Morelli & Brown, P.C. v. Hernandez*, 05-CV-1135(DLI)(SMG), 2005 WL 2148994, at *3 (E.D.N.Y. Sept. 6, 2005) ("Since this court lacks subject matter jurisdiction over the instant matter [and the case will be remanded], no order transferring the case may be issued.").

Further, even if this Court had jurisdiction over Defendant's Petition, the Petition does not comply with the prerequisites prescribed by statute or by the Federal Rules and thus may not be considered by this Court. The Limitation Act allows the owner of a vessel to bring an action in federal court to limit his liability for damage or injury occurring on the vessel to the value of the vessel and any pending freight. 46 U.S.C.A. § 30505(a); *In re Longshore Sailing Sch., Inc.*, 3:09-CV-1176(CFD), 2010 WL 326210, at *1 (D. Conn. Jan. 19, 2010). To commence a proceeding for exoneration or limitation of liability, "[t]he owner of a vessel may bring a civil action in a district court of the United States for limitation of liability . . . within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C.A. § 30511(a). Supplemental Federal Rule F ("Supplemental Rule F"), which governs actions for limitation of liability, echoes the statute: "[n]ot later than six months after receipt of a claim in writing, any vessel owner may file a complaint

12

in the appropriate district court . . . for limitation of liability pursuant to statute." Fed. R. Civ. P. Supp. R. F(1). "When the action is brought," the vessel owner shall either "(1) deposit with the court, for the benefit of claimants—(A) an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security; and (B) an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter," or at the owner's option "(2) transfer to a trustee appointed by the court, for the benefit of claimants—(A) the owner's interest in the vessel and pending freight; and (B) an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter." 46 U.S.C. § 30511(b)(1),(2); *see also* Fed. R. Civ. P. Supp. R. F(1) (substantially similar). "When an action has been brought under this section and the owner has complied with subsection (b) [posting security], all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c); *In re Complaint of Messina*, 574 F.3d 119, 122 (2d Cir. 2009) ("When the owner brings such a suit and posts security in accordance with 46 U.S.C. § 30511(b), the pursuit of all claims against the owner related to the matter in question ceases, pending determination of the petition for exoneration or limitation of liability.").

Here, Defendant Carpe Diem has failed to meet the requirements articulated in the Limitation Act or Supplemental Rule F within six months of receiving notice of Plaintiffs' claims. The Limitation Act gives vessel owners the express right to bring a civil action in district court; Supplemental Rule F specifically allows for the filing of "a complaint in the appropriate district court." 46 U.S.C.A. § 30511(a);

13

Fed. R. Civ. P. Supp. R. F(1).  The Defendants here did not commence a civil action; instead Carpe Diem filed a petition in an improperly removed case in which the court has no jurisdiction.  Neither the statute nor the Rule allows a vessel owner to file a petition for exoneration or limitation in a pending action.  To this end, the Court notes that – where an admiralty action for damages or liability has been initiated in state court – an exoneration or limitation of liability proceeding is initiated through the filing of a separate action in federal district court.  *See, e.g.*, *In re City of New York*, 522 F.3d 279, 281 (2d Cir. 2008) (vessel owner "*initiated an action* seeking to limit its liability as owner and operator of the ferry pursuant to the Limitation of Liability Act") (emphasis added); *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 753 (2d Cir. 1988) ("Appellants then *instituted this action* in the United States District Court for the Southern District of New York seeking exoneration from or limitation of liability") (emphasis added); *In re Longshore Sailing Sch.,* 2010 WL 326210 (remanding negligence action to state court and ruling on certain motions pending in separately filed action for exoneration from or limitation of liability); *Abadi v. Garvey*, 07 CIV. 9575 (JFK), 2008 WL 2980030 (S.D.N.Y. Aug. 1, 2008) (vessel owner *"filed a verified complaint commencing this action* for exoneration from or limitation of liability") (emphasis added).  This Court is aware of no petition for exoneration or limitation successfully maintained despite having been filed as a petition *in* the underlying case for which it seeks exoneration or limitation, and where such case was improperly removed to federal court.  Moreover, the fact that the action was improperly removed and the court has no

jurisdiction renders the Defendant's Petition for Exoneration a nullity because it neither commenced an action nor was filed in an action.

Lastly, Defendant's apparent contention that its Petition for Exoneration from or Limitation of Liability provides an independent ground to anchor this action in federal court is unavailing for the reasons intimated above. Defendant has filed this Petition as a response to Plaintiffs' original complaint and not a separate action. A responsive pleading cannot create federal subject matter jurisdiction such that this Court may hear Defendant's claim, nor may an affirmative defense. Rather, "[t]o remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) (internal citations omitted). The properly pleaded complaint in this removed action is the complaint filed by Plaintiffs and attached to Defendants' Notice of Removal. Defendant's Petition is a responsive motion and does not create federal subject matter jurisdiction to support removal of the action and consideration by this Court. *See, e.g., Stewart v. Atwood*, 834 F. Supp. 2d 171, 179 (W.D.N.Y. 2012) (remanding admiralty action for lack of federal subject matter jurisdiction where defendants pled as affirmative defenses a limitation of liability under the Limitation of Liability Act).

In sum, this Court has no jurisdiction to hear motions filed in an action improperly removed to this Court and over which the Connecticut Superior Court has jurisdiction. Thus, the case must be remanded and Carpe Diem's Petition for

15

Exoneration from or Limitation of Liability and its Motion for Security for Costs are DENIED AS MOOT.

### IV.     Conclusion

For the foregoing reasons, the Plaintiff's Motion to Remand is GRANTED. Defendant Carpe Diem's Petition for Exoneration from or Liability is DENIED for want of jurisdiction. The Clerk is directed to close and remand this case to the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport.

                                        IT IS SO ORDERED.


                                        _____/s/_____
                                        Hon. Vanessa L. Bryant
                                        United States District Judge


Dated at Hartford, Connecticut: February 16, 2013