UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARBARA SPERANZA, *Personal Representative and Executrix of the Estate of Robert Speranza*, and BARBARA SPERANZA, *Individually*,     Plaintiffs,<br><br>v.<br><br>STEWART LEONARD, SR., THOMAS P. LEONARD, and CARPE DIEM THREE, LLC,     Defendants. | CIVIL ACTION NO. 3:12-CV-00403 (VLB)<br><br><br><br><br><br>July 30, 2013 |

## ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447(c) [Dkt. #23]

### I.    Background

Plaintiffs originally brought this action in Connecticut Superior Court on March 7, 2012, alleging wrongful death pursuant to Conn. Gen. Stat. § 52-555, and/or Florida Stat. Ann. § 768.18, et seq., and/or maritime wrongful death law; negligence; unseaworthiness; and loss of consortium.  Defendants removed the action on March 16, 2012 ostensibly pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), on three bases: (1) the Death on the High Seas Act ("DOHSA"), codified at 46 U.S.C. § 30301 *et seq.* preempted the Plaintiffs' state law claims; (2) federal courts have original jurisdiction over admiralty or maritime cases pursuant to 28 U.S.C. § 1333; and (3) the existence of diversity of citizenship pursuant to 28 U.S.C. § 1332.  The Plaintiffs in turn filed a motion to remand arguing that (1) admiralty claims are separate and distinct from federal questions and thus do not

1

provide federal question jurisdiction; (2) claims brought under the DOHSA are not removable; and (3) the parties lacked complete diversity of citizenship.

This Court granted Plaintiffs' motion to remand on February 16, 2013, holding that Plaintiffs' admiralty claims were not removable under 28 U.S.C. § 1441(a) on the basis of federal question jurisdiction, the DOHSA did not provide for removal jurisdiction, and complete diversity of citizenship did not exist.  The Plaintiffs – having prevailed on their motion to remand – now move for attorneys' fees pursuant to 28 U.S.C. § 1447(c).

## II. Legal Standard

Federal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  In analyzing the purpose underlying and the standard applicable to an award of costs and fees pursuant to § 1447(c), the Supreme Court has recognized that

> [t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.  Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.  The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

2

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).  Thus, "the standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.* at 141; *see also Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (same).

### III.   Discussion

Plaintiffs contend that they are entitled to attorneys' fees because the Defendants' belief that the DOHSA supplied federal question jurisdiction was objectively unreasonable based on the paucity of cases in support of that theory, it was objectively unreasonable to believe that diversity jurisdiction existed, the Defendants' Petition for Exoneration was severely defective and failed to provide the Court with jurisdiction over the action, and removal of this action caused a one year delay in the litigation.  Defendants counter that, in the face of a split among district courts regarding the removability of DOHSA claims and the lack of binding authority from the Second Circuit, they had an objectively reasonable basis for removal.  Defendants point to three sources to support their claim that they believed removal to be objectively reasonable: first, the district court's and Second Circuit's decisions in *Pierpoint v. Barnes*, 892 F. Supp. 60, 61 (D. Conn. 1995), *appeal dismissed*, 94 F.3d 813 (2d Cir. 1996), *cert. denied*, 520 U.S. 1209

(1997); second, Southern District of Texas and Central District of California decisions from 1992 and 1988, respectively, both holding that DOHSA cases are removable, see *Phillips v. Offshore Logistics*, 785 F. Supp. 1241 (S.D. Tex. 1992); *Kearney v. Litton Precision Gear, Inc.*, CV 87-8335-KN, 1988 WL 383575 (C.D. Cal. Mar. 17, 1988); and third, various secondary sources either noting a district court split on removability or arguing for such.

Although – as the Court noted in its February 16, 2013 decision – the overwhelming weight of current authority from the majority of districts dictates that DOHSA cases are not removable, the Court declines to award attorneys' fees to the Plaintiffs because the Second Circuit has not yet lent its opinion to this issue. Aside from the instant case, only one other case exists in this district regarding the removability of DOHSA claims. In *Pierpoint v. Barnes*, Judge Dorsey held that

> Cases which lack diversity of parties and which arise under admiralty laws are not removable from a state court exercising its concurrent jurisdiction over admiralty claims. . . . [C]oncurrent state jurisdiction over admiralty cases contradicts removability. . . . DOHSA cases arise exclusively in admiralty. Since DOHSA merely authorizes an admiralty action, a party proceeding under DOHSA must allege a theory of recovery cognizable by a court sitting in admiralty jurisdiction. Moreover, no federal court has held that DOHSA or other admiralty laws generate both federal question jurisdiction and admiralty jurisdiction.

*Pierpoint v. Barnes*, 892 F. Supp. 60, 61 (D. Conn. 1995), *appeal dismissed*, 94 F.3d 813 (2d Cir. 1996), *cert. denied*, 520 U.S. 1209 (1997). On appeal of the

4

district court's remand order, the Second Circuit ultimately ruled that it lacked jurisdiction to consider the district court's remand of the case, and thus did not reach the question of whether DOHSA cases arise exclusively in admiralty, precluding their removal to federal court.  In so doing, though, the Second Circuit noted that this DOHSA question presented a "potentially" "extremely complicated issue[] of first impression in this Circuit."  *Pierpoint v. Barnes*, 94 F.3d 813, 815 (2d Cir. 1996).  The Second Circuit has not revisited the issue of DOHSA removal since its decision in *Pierpoint*.

While the Court believes that the weight of the current case law does not fall in Defendants' favor as to whether DOHSA claims arise in admiralty and are thus removable, and despite the language of the DOHSA itself allowing a "civil action in admiralty" (46 U.S.C.A. § 3030), the Court declines to award fees and costs in the absence of binding precedent and where the Second Circuit has proclaimed the issue to be one of first impression and has not yet addressed it.  *See Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (agreeing with the Seventh Circuit that "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees," and "[d]istrict court decisions, let alone conflicting district court decisions, do not render the law clearly established.") (quoting *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007)).

   IV.   <u>Conclusion</u>

Because the Defendants had an objectively reasonable basis for removal, the Plaintiffs' [23] Motion for Attorneys' Fees pursuant to 28 U.S.C. § 1447(c) is denied.

                                                      IT IS SO ORDERED.

                                               _____/s/_____
                                               Hon. Vanessa L. Bryant
                                               United States District Judge

**Dated at Hartford, Connecticut: July 30, 2013**